■ The People of the State of New York, Appellant, v Elizabeth Quianes, Respondent.

The hearing court properly held that, at the time of respondent's arrest, the information available to the officers was insufficient to establish probable cause. The officers knew only that respondent fit a general description, transmitted to them in a radio run, of an alleged drug seller, and that she pos-

sessed four bottles of prescribed pills, each labeled with a different name. Minutes earlier, the officers had stopped, and then released, another woman fitting the radioed description, the source of which was an anonymous 911 call. Having neither examined the contents of the bottles, nor ascertained whether respondent was acting in the capacity of an " '[u]ltimate user' " (Public Health Law § 3302 [33]), the officers lacked probable cause for the arrest *(see, People v De Bour,* 40 NY2d 210). Thus, the contraband subsequently recovered from respondent as the result of a precinct search, and which was the subject of the indictment, was properly suppressed as the tainted fruit of an unlawful arrest *(see, Wong Sun v United States,* 371 US 471). Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.